**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|                                   |     |                            |
|-----------------------------------|-----|----------------------------|
| FRANCIS X. BRAND,                 | :   | **Hon. Robert B. Kugler**  |
|                                   | :   |                            |
| Petitioner,                       | :   | Civil No. 06-2898 (RBK)    |
|                                   | :   |                            |
| v.                                | :   |                            |
|                                   | :   |                            |
| ALFARO ORTIZ, et al.,             | :   | **O P I N I O N**          |
|                                   | :   |                            |
| Respondents.                      | :   |                            |
|                                   | :   |                            |

---

**APPEARANCES**:

> FRANCIS X. BRAND, #590933B
> East Jersey State Prison
> Lock Bag R
> Rahway, New Jersey  07065
> Petitioner Pro Se

> ALEXIS R. AGRE, Assistant Prosecutor
> ROBERT D. BERNARDI, BURLINGTON COUNTY PROSECUTOR
> 49 Rancocas Road
> Mt. Holly, New Jersey 08060
> Attorneys for Respondents

**KUGLER**, District Judge

Francis X. Brand filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254 challenging a judgment of conviction in the Superior Court of New Jersey, Burlington

County, on July 12, 1991.  Respondents filed an Answer and copy of the state court record.

Petitioner filed a Reply.  For the reasons expressed below, this Court will dismiss the Petition

and decline to issue a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on July 12, 1991, in the Superior Court of New Jersey, Law Division, Burlington County, after a jury convicted him of murder and conspiracy to commit murder in violation of N.J. STAT. ANN. §§ 2C:11-3a(1), 2C:11-3 and 2C:5-2.  The Appellate Division summarized the facts as follows:

> Defendant's conviction stems from the murder of his older brother, Artie Brand, on July 10, 1984.  The actual perpetrator of the murder, Randy Burroughs, pled guilty and testified against defendant who was tried on the theory that he had solicited the crime and participated in planning it.  The evidence at trial respecting the Brand household was, for the most part, uncontested.  That household consisted of defendant, his father and his two brothers.  The oldest of the three brothers was the victim Artie Brand and the youngest was Joey Brand, whose testimony is the focus of [defendant's post-conviction relief] application.

State v. Brand, Docket No. A-3007-03T4 slip op., p. 2 (N.J. Super., App. Div., July 13, 2005).

The Law Division judge sentenced Petitioner to a 30-year term of imprisonment without parole.  Petitioner appealed.  In an opinion filed March 1, 1994, the Appellate Division of the Superior Court of New Jersey affirmed the conviction.  See State v. Brand, Docket No. A-114-91T3 slip op. (N.J. Super., App. Div., March 1, 1994).  The New Jersey Supreme Court denied certification on September 21, 1994.  See State v. Brand, 138 N.J. 267 (1994) (table).

On March 20, 1996, Petitioner filed a pro se state petition for post-conviction relief in the Law Division.  The Law Division denied relief on June 2, 1998, without conducting an evidentiary hearing.  Petitioner appealed.  On February 29, 2000, the Appellate Division remanded for an evidentiary hearing on Petitioner's claims that he had been denied the effective assistance of counsel as a result of (1) counsel's failure to obtain an evaluation of Joey Brand and to challenge the testimony of Joey Brand, Petitioner's younger brother, and (2) counsel's failure

to fully and adequately advise Petitioner about plea offers made by the state.  See State v. Brand,

Docket No. A-6721-97T4 (N.J. Super., App. Div., Feb. 29, 2000).[1]  After conducting an

evidentiary hearing on remand, the Law Division denied post-conviction relief by order filed

October 9, 2003, and opinion dated September 24, 2003.  Petitioner appealed.  In an opinion filed

July 13, 2005, the Appellate Division affirmed.  See State v. Brand, Docket No. A-3007-03T4

slip op. (N.J. Super., App. Div., July 13, 2005).  On November 10, 2005, the New Jersey

Supreme Court denied certification.  See State v. Brand, 185 N.J. 391 (2005) (table).

Petitioner executed the Petition which is now before this Court on June 14, 2006.  The

Clerk received it on June 26, 2006.  This Court gave Petitioner an opportunity, pursuant to

Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to withdraw the Petition and file one all-inclusive

Petition.  Petitioner asked this Court to rule on the Petition as presented.  The Petition raises the

following grounds:

> Ground One: (a) THE FAILURE OF PETITIONER'S TRIAL
> COUNSEL TO SEEK PSYCHIATRIC EVALUATION OR A
> COMPETENCY HEARING TO DISQUALIFY A PSYCHOTIC
> STATE'S WITNESS CONSTITUTED INEFFECTIVE
> ASSISTANCE OF COUNSEL.
>
> Ground Two: (a) THE FAILURE OF TRIAL COUNSEL TO
> PROPERLY ADVISE AND CONSULT WITH PETITIONER
> ABOUT MID-TRIAL PLEA OFFERS CONSTITUTED
> INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> Ground Three: (a) COUNSELS' FAILURE TO REQUEST JURY
> INSTRUCTIONS ON AGGRAVATED MANSLAUGHTER AND
> DIMINISHED CAPACITY AND TO RAISE THE ISSUE IN
> SUBSEQUENT PROCEEDINGS CONSTITUTED
> INEFFECTIVE ASSISTANCE OF COUNSEL.

---

[1] On July 7, 2000, the New Jersey Supreme Court denied certification.  See State v.
Brand, 165 N.J. 487 (2000) (table).

Ground Four: (a) COUNSEL'S FAILURE TO ADEQUATELY
INVESTIGATE AND PREPARE FOR THE POST-
CONVICTION RELIEF HEARING CONSTITUTED
INEFFECTIVE ASSISTANCE OF COUNSEL.

(Pet., attachment, Grounds One to Four.)

By Order filed March 6, 2008, this Court granted Petitioner's motion for an order striking

the documents attached to the Petition and an order amending Ground Three of the Petition to

delete the challenge to the failure of counsel to request a jury instruction regarding diminished

capacity.[2]

On February 23, 2007, Respondents filed an Answer and a copy of the state court record.

On April 8, 2008, Petitioner filed a Reply to the Answer.  Petitioner indicated in the Reply that

only the following three claims are before this Court:  (1) counsel was constitutionally ineffective

in failing to seek a psychiatric evaluation or competency hearing to disqualify Joey Brand; (2)

counsel was constitutionally ineffective in failing to adequately advise Petitioner about plea

offers made during jury deliberations; and (3) counsel was constitutionally ineffective in failing

to request jury instructions on aggravated manslaughter.  (Reply, docket entry #13, p. 28.)   These

are Grounds One, Two and Three of the Petition.  Although the Reply implies that Petitioner is

abandoning Ground Four of the original Petition (ineffective assistance of post-conviction relief

counsel), this Court will nevertheless consider Ground Four of the Petition, in addition to

Grounds One through Three.

------

[2] Respondents argue that the five additional issues raised in the brief attached to the
Petition have not been exhausted.  However, since this Court granted Petitioner's motion to
constructively delete the brief, and Petitioner's Reply makes it clear that Petitioner is not
presenting these unexhausted claims, this Court will not consider those claims.

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)).  The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested.  See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."  Smith v. Phillips, 455 U.S. 209, 221 (1982).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."  Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).  Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."  Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[3]  Nor may the court recharacterize a ground asserted under state law into a federal constitutional claim.[4]  "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."  Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."  Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

The AEDPA limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits.  See 28 U.S.C. § 2254(d).  Where a federal claim was "adjudicated on the merits" in state court proceedings, the writ must be denied unless adjudication of the claim either involved an unreasonable application of clearly established

---

[3] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to  consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[4] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

federal law, or was based on unreasonable determination of the facts in light of the evidence

before the state court.  See 28 U.S.C. § 2254(d).  Specifically, § 2254(d) provides:

> (d) An application for a writ of habeas corpus . . . shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State Court proceedings unless the adjudication of the
> claim -
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal Law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).

The unreasonableness standards of § 2254(d) govern only claims that were "adjudicated

on the merits in State Court proceedings."  28 U.S.C. § 2254(d).  "An 'adjudication on the

merits' has a well settled meaning: a decision finally resolving the parties' claims, with res

judicata effect, that is based on the substance of the claim advanced, rather than on a procedural,

or other, ground."  Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (citations and internal

quotation marks omitted), reversed on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374

(2005); see also Rolan v. Vaughn, 445 F. 3d 671, 678 (3d Cir. 2006) ("Here, because the PCRA

appellate court found that Vargas was not willing to testify at the guilt phase of Rolan's trial, its

decision to deny habeas relief on that basis constituted an adjudication on the merits").  A state

court may render an adjudication on the merits of a federal claim by rejecting the claim without

any discussion whatsoever.  See Rompilla, 355 F.3d at 247.  On the other hand, "[i]f the

petitioner's legal claims were presented but not addressed by the state courts, 28 U.S.C. §

2254(d) does not apply, and federal courts undertake a de novo review of the claim." Rolan, 445 F. 3d at 678.

As the New Jersey courts adjudicated petitioner's claims on the merits, this Court may not grant relief unless either § 2254(d)(1) or § 2254(d)(2) is satisfied. See 28 U.S.C. § 2254(d). Accordingly, this Court may not grant habeas relief to petitioner unless the adjudication of a federal claim by the New Jersey courts involved an unreasonable application of clearly established Supreme Court law, see 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding and petitioner is in custody in violation of the Constitution or laws or treaties of the United States, see 28 U.S.C. § 2254(a), (d)(2).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412; see also Carey v. Musladin, 127 S. Ct. 649, 653 (2006) ("federal habeas relief may be granted here if the California Court of Appeal's decision was contrary to or involved an unreasonable application of this Court's applicable holdings"). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme]

8

Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06

(2000).  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may

grant the writ if the state court identifies the correct governing legal principle from th[e Supreme]

Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

Williams, 529 U.S. at 413.  For example, in Carey v. Musladin, the court reversed the granting of

a writ, holding that where "[n]o holding of this Court required the California Court of Appeal to

apply the test of Williams and Flynn to the spectators' conduct . . . , the state court's decision was

not contrary to or an unreasonable application of clearly established federal law."  Carey, 127 S.

Ct. at 654.[5]  In addition, whether a state court's application of federal law is "unreasonable" must

be judged objectively; an application may be incorrect, but still not unreasonable.[6]  Id. at 409-10;

see also Thomas v. Varner, 428 F. 3d 491, 497 (3d Cir. 2005).  Thus, "[t]he federal *habeas* court

should not grant the petition unless the state court decision, evaluated objectively and on the

merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court

precedent."  Outten v. Kearney, 464 F. 3d 401, 414 (3d Cir. 2006) (citation and internal quotation

marks omitted).

---

[5] See also Wright v. Van Patten, 128 S. Ct. 743, 747 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law") (citation and internal quotation marks omitted).

[6] "[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent."  Marshall v. Hendricks, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (citations and internal quotation marks omitted).

## III.  DISCUSSION

A.  Ineffective Assistance of Post-Conviction Relief Counsel

In Ground Four, Petitioner contends that "counsel's failure to adequately investigate and prepare for the post-conviction relief hearing constituted ineffective assistance of counsel."  (Pet. ¶ 12, attachment, Ground Four.)  Ground Four relates solely to the deficient performance of post-conviction relief counsel.  However, the alleged ineffectiveness of counsel on post-conviction relief is not cognizable under § 2254.  See 28 U.S.C. § 2254(i).  Section 2254(i) provides:  "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  Because Ground Four concerns only the ineffectiveness of post-conviction relief counsel, a claim that is not cognizable under § 2254, Petitioner is not entitled to habeas relief on Ground Four.  See Greene v. Palakovich, 482 F. Supp. 2d 624, 635 (E.D. Pa. 2007) (citing 28 U.S.C. § 2254(i); Hassine v. Zimmerman, 160 F. 3d 941, 954 (3d Cir. 1998)).

B.  Ineffective Assistance of Trial Counsel

In Grounds One, Two and Three, Petitioner contends that trial counsel was constitutionally ineffective in failing (1) to seek a psychiatric evaluation or competency hearing to disqualify Joey Brand, a psychotic witness for the state; (2) to adequately advise Petitioner about plea offers; and (3) to request jury instructions on aggravated manslaughter.  (Pet., attachment, Grounds One to Three; Order filed March 6, 2008.)

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  The right to counsel is the right to the effective

10

assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance.  See Strickland v. Washington, 466 U.S. 668, 686 (1984).

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.  See Strickland, 466 U.S. at 687.  First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.  To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.  The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance.  Id.

To satisfy the prejudice prong, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.  As the Supreme Court explained,

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

Strickland, 466 U.S. at 695-696.

The Supreme Court instructs that a court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

In this case, petitioner presented his ineffective assistance of counsel claims to the Appellate Division when Petitioner appealed the denial of post-conviction relief by the Law Division, after it conducted an evidentiary hearing and considered the testimony of Petitioner; Dr. David Bogacki, a forensic psychologist who testified about the incompetency of Joseph Brand; Russell Kivler, defense counsel; and James Gerrow, the prosecuting attorney.

(1) Was counsel constitutionally ineffective in failing to request an evaluation and a competency hearing to determine if Joseph Brand was competent to testify?

Petitioner argues that trial counsel was ineffective in failing to obtain Joey Brand's medical records and failing to seek an expert evaluation of Joey once counsel knew that Joey was on the government's witness list.  Petitioner contends that Joey's testimony was the only evidence corroborating the testimony of Randy Burroughs that Petitioner had conspired with Burroughs and that Burroughs intended to do something to Artie on the night in question. Petitioner asserts that, since counsel knew that the prosecutor's office had housed Joey in a hotel the night before he testified, without Joey's medical records counsel could not appreciate the advisability of moving to disqualify Joey.  Petitioner further argues that, even if Petitioner had lost the disqualification motion, counsel could have used the medical records and expert evaluation to more effectively impeach Joey's testimony.

Petitioner presented this claim to the Appellate Division when he appealed the Law Division's determination on remand.  The Appellate Division rejected the claim as follows:

The evidentiary hearing on defendant's petition was conducted over several days during which defense counsel explained his failure to seek to prevent Joey's testimony.  Counsel explained that he had (at least) two principal strategies.  "[O]ne of them was to blame the victim and the other was to argue to the jury that it was - that - that it was - Randy Burroughs was acting on his own."  Counsel did not intend to call Joey as a witness despite his ability to support the first theory, in large part because he, counsel, knew of Joey's psychiatric and drug history.  Nevertheless, when the prosecutor called Joey, trial counsel was "delighted."  He saw this as an opportunity to damage the credibility of the State's case by demonstrating that the State's first witness - and by implication the State's case in its entirety - lacked credibility . . . .  Trial counsel conceded that he knew that Joey could provide testimony that would be damaging to defendant but believed that the benefit of questioning the credibility of the State's case nevertheless outweighed the possible detriment.

     *                  *                  *

[W]hile the damaging testimony would never have been heard had Joey been barred from testifying, it is reasonable to believe that no jury would credit that testimony in any event.  Nor is it unreasonable to expect that the taint from Joey would infect the testimony of Burroughs who was himself vulnerable by virtue of his delayed implication of defendant.  Given the deference due to counsel's strategic choices, we cannot say his choice was unreasonable . . . .  Because the decision not to seek to bar Joey's testimony was a legitimate trial strategy, we have no need to discuss whether the failure to do so prejudiced defendant . . .

State v. Brand, Docket No. A-3007-03T4 slip op., pp. 7-10 (N.J. Super., App. Div., July 13, 2005).

As the Supreme Court explained in Strickland,

a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy . . . .  There are countless ways to provide effective assistance in any given case.  Even the best criminal

> defense attorneys would not defend a particular client in the same way . . .
>
> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.

Strickland, 466 U.S. at 687, 690-91 (citations and internal quotation marks omitted).

In this case, the New Jersey courts noted that counsel was aware of Joey's delusional mental condition and drug addiction, and that counsel decided to impeach Joey's testimony rather than challenge Joey's competency.  This Court finds that New Jersey courts' rejection of petitioner's ineffective assistance of counsel claim based on counsel's failure to obtain an expert evaluation and move to disqualify Joey Brand was not contrary to, or an unreasonable application of, Strickland and its progeny.    Petitioner is not entitled to habeas relief on Ground One.

(2) Was counsel constitutionally ineffective in failing to adequately advise Petitioner in regard to plea offers made during jury deliberations?

In Ground Two, Petitioner argues that counsel was constitutionally ineffective in failing to provide adequate advice regarding plea offers made during the five days the jury was deliberating.  Petitioner asserts that, when counsel told Petitioner about the first offer of 15 years without parole and that, if found guilty, he faced 30 years without parole, and that there were no guarantees, the advice was inadequate because counsel failed to explain the elements of the charge Petitioner would be pleading guilty to, and counsel failed to advise Petitioner about the desirability of accepting the plea.  Petitioner contends that, when counsel told Petitioner about the second offer of 15-18 years, with eight years of parole ineligibility, and counsel told Petitioner that he was "in a high risk situation," and there is no guarantee as what the jury will

do, counsel was ineffective because counsel did not explain that Petitioner would be pleading guilty to aggravated manslaughter, did not explain the elements of aggravated manslaughter, and did not advise Petitioner about the desirability of accepting the plea. Petitioner asserts that, when counsel again told Petitioner about the plea offer whereby Petitioner would be eligible for parole in eight years, and this time counsel recommended that Petitioner take the plea, counsel was ineffective in failing to explain the elements of the crime to which Petitioner would be pleading guilty.

Petitioner presented this claim to the Law Division in his petition for post-conviction relief and the Law Division rejected the claim after considering the testimony of Petitioner, Petitioner's trial counsel and the prosecuting attorney. The Appellate Division rejected the claim without significant discussion as follows:

> The remaining grounds for appeal are without sufficient merit to justify discussion in a written opinion. R. 2:11-3(e)(2). We add only that the motion judge heard conflicting evidence concerning counsel's communication of plea offers and resolved the "stark difference in the testimony" against the defendant, concluding that counsel had adequately conveyed all plea offers which defendant rejected. That conclusion is unassailable.

State v. Brand, Docket No. A-3007-03T4 slip op., p. 10 (N.J. Super., App. Div., July 13, 2005).

After conducting the evidentiary hearing, the Law Division rejected the claim as follows:

> The defendant testified that although he had discussions with trial counsel about plea offers during the trial, they were not adequately explained to him and therefore he didn't understand them. Trial counsel testified that plea offers were given on at least three different occasions and he met with the defendant each time to discuss these offers. The court, however, has a piece of evidence that resolves this credibility issue, S-1.
>
> Trial counsel indicated that he has adopted a practice where he gives possible settlement proposals to his clients in writing. He

15

adopted this practice to clarify any issues as to what was conveyed to the client. In addition to conveying the offers orally, he would also explain them in writing. S-1 indicates that on numerous occasions, plea offers, which included information as to parole ineligibility, were conveyed to the defendant. The defendant would acknowledge the offers and reject them by way of his signature. It should be noted that at no time did the defendant deny that he signed S-1. Additionally, at no time did the defendant give trial counsel any indication that he did not understand the terms of the offer.

In total, the court resolves the above credibility issue in favor of the State and finds that the defendant was properly advised as to the plea offers in this case and chose not to accept them.

State v. Brand, Indictment No. 89-10-835-1 slip op., pp. 16-17 (N.J. Super., Law Div., Sept. 24, 2003).

Under Supreme Court precedent, a defendant has the ultimate authority to make the fundamental decision as to whether to plead guilty or go to trial. See Jones v. Barnes, 463 U.S. 745, 751 (1983). In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court determined that the voluntariness of a guilty plea depends on the adequacy of counsel's legal advice, and that the two-part Strickland v. Washington, 466 U.S. 668 (1984), standard governs a claim of ineffective assistance of counsel arising out of the plea process. As previously stated, under the Strickland standard, a defendant must "show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. In McMann v. Richardson, 397 U.S. 759, 771 (1970), the Supreme Court described the question on

16

ineffectiveness of counsel in plea situations as not whether "counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases." Thus, to establish ineffective assistance, the petitioner must "demonstrate gross error on the part of counsel . . ." Id. at 772.

Under Strickland, as modified by Hill v. Lockhart, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Under the above Supreme Court precedent, "a defendant has the right to make a reasonably informed decision whether to accept a plea offer," and "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." United States v. Day, 969 F.2d 39, 42, 43 (3d Cir. 1992). Thus, the United States Court of Appeals for the Third Circuit has held that counsel's failure to communicate a plea offer constitutes deficient performance. See United States ex rel. Caruso v. Zelinsky, 689 F.2d 435 (3d Cir. 1982). The Court of Appeals for the Third Circuit has also held that, although counsel notifies a defendant of the terms of a plea bargain, counsel's failure to inform the defendant about his sentencing exposure when the likelihood of his conviction was overwhelming constitutes deficient performance. See United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992). The Court of Appeals determined in Day that, under these circumstances, "the advice . . . he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer."

Id.; see also Baker v. Barbo, 177 F.3d 149 (3d Cir. 1999) ("we must hold that an attorney who does not know the basic sentence for an offense at the time that his client is contemplating entering a plea is ineffective").

In this case, Petitioner does not allege that defense counsel failed to communicate the plea offers to him.  Nor does he assert that counsel failed to inform him of his sentencing exposure, or that counsel affirmatively misled him about the law.  Under these circumstances, Petitioner has not shown that the advice he received was "so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the offer."  Day, 969 F.2d at 43; see also Hill v. Lockhart, 474 U.S. at 56-57.  Petitioner is not entitled to habeas relief on his claim regarding the ineffective assistance of trial counsel during plea negotiations because he has not shown that the adjudication of the claim by the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable application of, Supreme Court jurisprudence.[7]

(3) Was counsel constitutionally ineffective in failing to request an instruction on the lesser-included offense of manslaughter?

In Ground Three, Petitioner argues that counsel was constitutionally ineffective in failing to request that the jury be instructed on the lesser-included offense of aggravated manslaughter.

---

[7] To the extent Petitioner challenges the state courts' factual determinations, he is likewise not entitled to habeas relief.  The AEDPA provides that "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 29 U.S.C. § 2254(e)(1); see Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (a district court must "presume the [state] court's factual findings to be sound unless [petitioner] rebuts the 'presumption of correctness by clear and convincing evidence.'").  In addition, the AEDPA precludes habeas relief unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Petitioner has neither overcome the presumption of factual correctness nor shown that the state courts' factual determinations were unreasonable.

Petitioner asserts that counsel was ineffective because aggravated manslaughter instructions were

warranted, since there was evidence in the record that Randy Burroughs went to the Brand house

on the night of Artie's death with the intent to scare Artie, not kill him, and there was evidence

that Burroughs killed Artie in reaction to an assault by Artie a few days before.

Petitioner presented Ground Three to the Appellate Division on appeal from the order

denying post-conviction relief on remand.  The Appellate Division rejected the claim as follows:

> Defendant also argues that trial counsel should have requested a
> jury charge on aggravated manslaughter and diminished capacity.
> That issue was not the subject of the remand and, in any event, as
> defendant admits in his brief, was resolved adversely to him on
> direct appeal.  Even were we to consider the merits of the
> argument, however, we would have no reason to depart from our
> prior decision on direct appeal.

State v. Brand, Docket No. A-3007-03T4 slip op., p. 10 (N.J. Super., App. Div., July 13, 2005).

On direct appeal, Petitioner had argued to the Appellate Division that the trial court erred

by failing to sua sponte charge the lesser included offense of manslaughter.  The Appellate

Division rejected the claim as follows:

> Defendant additionally asserts that it is "arguable" that Burroughs
> committed the crime of reckless manslaughter, and, as such, the
> court was obliged to charge the lesser included offenses to the jury
> . . . .  An "arguable" inference that Burroughs committed a lesser
> offense imposed no obligation on the trial judge to construct such
> an analysis for the defense as it was not "clearly indicated" by the
> facts in the record.  State v. Choice, supra, 98 N.J. at 299.

State v. Brand, Docket No. A-114-91T3 slip op., pp. 8-9 (N.J. Super., App. Div., March 1, 1994).

The failure to give the lesser-included crime instruction for manslaughter was not

contrary to, or an unreasonable application of, Supreme Court precedent because (1) the Supreme

Court has never held that the Due Process Clause guarantees the right of a defendant to have the

jury instructed on a lesser included offense in a non-capital case, and (2) the lesser included offense instruction is constitutionally required in a capital case only when warranted by the evidence, and the Appellate Division in this case held that the requested lesser included offense charge was not supported by the evidence.

The Supreme Court held in <u>Beck v. Alabama</u>, 447 U.S. 624 (1980), that, "when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense - but leaves some doubt with respect to an element that would justify conviction of a capital offense - the failure to give the jury the 'third option' of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted [capital] conviction" in violation of Due Process. <u>Id.</u>, 447 U.S. at 637.  However, the Supreme Court has not extended <u>Beck</u> to non-capital cases.  In <u>Gilmore v. Taylor</u>, 508 U.S. 333, 342 (1993), the Supreme Court noted that, "[o]utside of the capital context, we have never said that the possibility of a jury misapplying state law gives rise to federal constitutional error.  To the contrary, we have held that instructions that contain errors of state law may not form the basis for federal habeas relief."  In <u>Schad v. Arizona</u>, 501 U.S. 624 (1991), the Supreme Court held that, where a jury was given a choice between finding the defendant guilty of capital murder and the lesser included non-capital offense of second-degree murder, due process did not entitle the defendant to a jury instruction on the lesser included offense of robbery.  "The goal of the <u>Beck</u> rule, in other words, is to eliminate the distortion of the factfinding process that is created when the jury is forced into an all-or-nothing choice between capital murder and innocence.  This central concern of <u>Beck</u> simply is not implicated in the present case, for petitioner's jury was not faced with an all-or-nothing choice between the offense of conviction (capital murder) and innocence."  <u>Schad</u>, 501

U.S. at 646-47 (citations and internal quotation marks omitted).  Because the jury was not forced to choose between convicting Petitioner of capital murder and setting him free, Supreme Court precedent did not require the instruction on the lesser included offense of manslaughter.

Second, Supreme Court precedent holds that a lesser included offense instruction is required (in a capital case) only if supported by the evidence, and the Appellate Division determined that a manslaughter instruction was not clearly indicated by the facts in the record.  In Hopper v. Evans, 456 U.S. 605 (1982), the Supreme Court clarified that "due process requires that a lesser included offense instruction be given [in a capital case] *only* when the evidence warrants such an instruction."  See also Kontakis v. Beyer, 19 F. 3d 110, 119 (3d Cir. 1994) ("Nothing in Beck permits us to grant habeas relief when a state court refuses to charge a jury that it may convict a defendant for an offense when under state law the evidence could not justify the conviction").

Habeas relief on Ground Three is not warranted because the failure to give an instruction on the lesser included offense of manslaughter was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

C.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

21

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition and denies a certificate of appealability.


s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**


Dated:   June 11th   ,  2008

22